# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2838

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Southern District of Iowa. |
| | * | |
| Luqman Abdul-Aziz, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 11, 2008
Filed: March 20, 2008(Corrected: 4/07/08)

_____

Before WOLLMAN, BOWMAN, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Luqman Abdul-Aziz appeals from the sentence imposed by the District Court[1] upon his conviction as a felon in possession of a firearm. We affirm.

This case is before us for the second time. In the first appeal, we affirmed Abdul-Aziz's conviction but vacated his sentence and remanded to the District Court for resentencing. United States v. Abdul-Aziz, 486 F.3d 471, 479 (8th Cir. 2007). We held that the District Court's justification for imposing a two-level enhancement for

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

obstruction of justice under United States Sentencing Guidelines Manual § 3C1.1 was insufficient because the explanation did not show that the court made "an independent determination that the defendant perjured himself" at trial but instead relied on the fact of conviction. Abdul-Aziz, 486 F.3d at 479. On remand, the District Court held a hearing, made the necessary finding that Abdul-Aziz perjured himself, added the two-level enhancement for obstruction of justice, and again sentenced Abdul-Aziz to thirty-three months in prison. Abdul-Aziz again appeals his sentence challenging the obstruction of justice enhancement.

On appeal, we review the District Court's factual findings for clear error and its application of the Guidelines de novo. Id. at 478. Abdul-Aziz argues there was "no evidence" to support the court's finding of perjury. Br. of Appellant at 8. We disagree. See Abdul-Aziz, 486 F.3d at 474–78 (detailing the evidence before the court at trial). Giving "great deference" to the experienced trial judge's finding, explicitly stated at the resentencing hearing, that Abdul-Aziz lied under oath at trial, we conclude that the obstruction enhancement was properly applied in this case. United States v. Denton, 434 F.3d 1104, 1114 (8th Cir. 2006).

The judgment of the District Court is affirmed.

_____